the requisitions of the statute have been complied with by the master. It gives the opinion of the master that he had done what was enjoined by the law, but does not set forth the facts so that the court may determine how far they correspond with and satisfy those requirements. An answer of this description is of no other avail than to admit the respondent to support its allegations by testimony aliunde. None such is offered; and, as the case is presented to the court, there is not only a want of proof that the vessel was furnished with a medicine-chest and directions in the mode pointed out by the statute, but there is an absence of all legal evidence that any medicine-chest was on board.

Nor can the engagements of the libellants to pay the physician's charges avail the respondent. The agreement was without consideration, and was made under the exigencies of a dangerous and alarming malady. Agreements of sailors with a master, on board of a vessel, in derogation of their rights and interests, are seldom regarded in courts of admiralty, especially when those engagements have relation to other matters than the terms and limits of their shipment. A higher objection still remains to promises of this character. The master would, by them, discharge himself of an obligation imposed upon him by positive law, and which the interests of humanity and commercial policy require should be fulfilled on his part with fidelity. This part of the claim of the master against the libellants is, accordingly, rejected. The residue of the accounts, which is undisputed, is allowed.

The offer made by the respondent, before suit brought, to pay the wages, deducting the physician's bills, cannot avail to excuse him from costs. Decree for libellants, with costs.

## Case No. 5,085.
### FREEMAN v. CARGO OF SALT.

## Case No. 5,086.
### FREEMAN v. The JANE.
[Crabbe, 178.] [1]
District Court, E. D. Pennsylvania. Sept. 8, 1837.

[1] [Reported by William H. Crabbe, Esq.]

Mr. Grinnell, for libellant.
Mr. Shoemaker, for respondent.

HOPKINSON, District Judge, decreed for the libellant, for the whole amount of wages demanded.

## Case No. 5,087.
### FREEMAN v. PEROT et al.
[2 Wash. C. C. 485.] [1]
Circuit Court, D. Pennsylvania. Jan., 1811.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]